THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARFIELD FUDGE, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL KRASSNER, Appellant.* — Judgment of conviction of the County Court of Dutchess county affirmed. We are of opinion that proof of the separate crime involving the theft of the horses, for the purpose of establishing intent and showing a common scheme and plan, was properly submitted. In any event there was no objection to the proof on the ground that it was not competent and relevant for the purpose for which it was offered. The People proved the transaction in all its essentials by oral testimony without objection, and, finally, the bill of sale was offered " for the purpose of showing intent and for the purpose of showing a common scheme and plan and the lack of mistake so far as the particular charge in the indictment is concerned and for that limited purpose only." The objection was based solely on the identity of the cows, which were also described in the bill of sale under which the horses were sold. Further, the learned court in its charge properly limited the scope of the proof, and to that part of the charge and to the theory upon which the case was submitted no exception was taken. The cows, for the theft of which the defendant was indicted, were sold by defendant while he and his associates were in possession of the Newman farm under an agreement to purchase. By the terms of the agreement, the relationship of landlord and tenant was established between the defendant and his associates on one side, and Newman, the complaining witness, on the other, during the period they were in possession immediately preceding the date set for the closing of title. The verdict is amply sustained by the proof. Hagarty, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a dismissal of the indictment upon the ground that the defendant was not guilty of the larceny of the cows as charged in the indictment. By the agreement defendant became either the owner or conditional vendee of the cows. If the latter, he may have been guilty of a violation of section 75 of the Personal Property Law.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM P. MURPHY, Appellant.— Judgment of conviction of the County Court of Dutchess county reversed on the law and the facts and a new trial ordered. The first count of the indictment should have been dismissed as there is no evidence that the defendant forged the check in question. The circumstances seem to indicate that the defendant, in uttering the check, did not do so with deliberate criminal intent. In justice to the defendant, the facts relative to his mental condition should have been shown, and a defense of insanity should have been interposed. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.